No. 4914.

STATE EX REL. F. C. MAHAN vs. ACCOMMODATION BANK OF LOUISIANA.

After hearing the parties the court below rendered final judgment rendering peremptory the mandamus permitting relator to examine the books, papers, and affairs of the bank, but giving no permission for the appointment of experts to aid him. Subsequently the court made an *ex parte* order appointing two experts to aid relator.

The court *a qua* erred in granting this supplemental order. It was not at the time in the power of the court to reopen the case and make this order. The judgment had been signed ten days previously, disposing finally of the mandamus case, and there was no suit pending in which the order in question could be granted.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *John Ray,* for relator and appellee. *Hays & New,* for defendant and appellant.

WYLY, J. Relator, a stockholder of the defendant bank, being, as he alleged, unjustly denied access to the books, papers, and documents thereof, sued out a mandamus to compel the president and directors to permit him and such experts as he may desire to examine the books, papers, documents, and affairs of said bank, within reasonable hours, and without unnecessarily hindering the operations of said bank.

Several defenses were urged to this application for mandamus. Among others, it was alleged that the nature of the business conducted by said bank was such that it would prove injurious to its interests to permit relator to have the permission asked for to examine the books, papers, etc., *in connection with experts.*

After hearing the parties the court rendered final judgment, which was signed on the thirteenth of May, 1873, rendering the mandamus peremp-

State ex rel. Mahan vs. Accommodation Bank of Louisiana.

tory, permitting the relator to examine the books, papers, and affairs of the bank, but no permission was given for the appointment of experts to aid him.

Subsequently, to wit: on the twenty-third of May, 1873, the court made an *ex parte* order appointing two experts to aid relator in examining the books, papers, and affairs of the bank. From this order respondent has appealed.

We think the court erred in granting this supplemental order. It was not at the time in the power of the court to reopen the case and make this order. The judgment had been signed ten days previously, disposing finally of the mandamus case, and there was no suit pending in which the order in question could be granted.

It is therefore ordered that the judgment appealed from be annulled at relator's costs.